## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Fabiola Sierra | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Synergetic Communications, Inc | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Fabiola Sierra, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Synergetic Consultants, Inc.. Plaintiff alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This

Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Fabiola Sierra (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a resident of the State of Illinois.

8. Defendant, Synergetic Communications, Inc., is an Texas business entity with an address of 5450 NW CENTRAL #220 HOUSTON TX 77092 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

9. Unless otherwise stated herein, the term "Defendant" shall refer to Synergetic Communications, Inc.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of (the "Debt") to an original creditor (the "Creditor")

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

12. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

13. The Defendant attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. Section 1692a(2).

14. On or about July, 2014, Defendant phoned Plaintiff and told her that unless Plaintiff paid the debt immediately, the Defendant would "go to Plaintiff's work"," talk to her boss" and have $160 taken out of her paycheck per month.

## C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT 1
## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
18. The Defendant's conduct violated 15 U.S.C. Section 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.
19. The Defendant's conduct violated 15 U.S.C. Section 1692e in that Defendant engaged in false, deceptive, or misleading representation or means in connection with the collection of any debt.
20. The Defendant's conduct violated 15 U.S.C. Section 1692f in that it used use unfair or unconscionable means to collect or attempt to collect debt.
21. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT UNDER (225 ILCS 425/)

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).

24. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

25. The Defendant's conduct violated 225 ILCS 425/9(a)(20) in that the Debt Collector attempted and/or threatened to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

26. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendant engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff demands the following relief:

   a. Judgment against Defendant, awarding the Plaintiff actual damages.
   b. Judgment against the Defendant, awarding the Plaintiff Statutory damages
   c. Judgment against Defendant, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;
   d. Judgment against Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and
   e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff